UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.  8:98-cr-230-T-23TGW
                                                          8:01-cv-316-T-23TGW
STANLEY DAVIS
_____/

## O R D E R

In March, 2000, pursuant to a guilty plea on the morning of trial, Davis was convicted of six counts of bank robbery and one count of felon in possession of a firearm and sentenced to 120 months' imprisonment.  Davis' sentence is based on a criminal history category V with ten criminal history points and an offense level of twenty-seven.  Davis' 120-month sentence is the low end of the possible range of sentence.  The ten criminal history points include one point for driving with a suspended license, for which he received twelve months' probation, and two points for having committed the federal offenses while on the above probation.

In February, 2001, Davis challenged the validity of his conviction and sentence in a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1).  Ground Seven alleged that his sentence should not have been increased based on several prior state convictions, which he argued were constitutionally infirm.  The claim was rejected based on *Daniels v. United States*, 532 U.S. 374, 383 (2001) ("If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.  The presumption of validity that attached to the prior conviction at the time of

sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."). *See also McCarthy v. United States*, 320 F.3d 1230, 1233 (11th Cir. 2003), applying *Daniels*. The circuit court refused to issue a certificate of appealability (Doc. 145 in 8:98-cr-230).

In January, 2004, Davis successfully challenged the conviction for driving with a suspended license, which resulted in a *nolle prosequi* because Davis was serving the present federal sentence.* He then filed a second motion to vacate sentence (8:05-cv-889-T-23TGW) ostensibly based on *Johnson v. United States*, ___ U.S. ___, 125 S.Ct. 1571 (2005) (vacature of prior state conviction used to enhance a federal sentence is a "new fact" that starts a new federal one-year limitation period). The motion to vacate sentence was denied because Davis had not obtained the required permission from the circuit court to file a second or successive motion. The circuit court refused to issue a certificate of appealability (Doc. 12 in 8:05-cv-889).

Davis requested permission from the circuit court for leave to file a second or successive motion to vacate sentence. The circuit court rejected the request:

> Davis indicates that he wishes to raise two claims in a second or successive § 2255 motion. First, he claims that because the prior state convictions used to enhance his sentence have been vacated, he is entitled to have his sentence reopened and reduced. Davis asserts that this claim relies upon a new rule of constitutional law, <u>Johnson v. United States</u>, ___ U.S. ___, 125 S.Ct. 1571, 1582, ___ L.Ed. ___ (2005) (holding that vacature of a federal prisoner's prior state convictions was a matter of fact that could start a renewed one-year limitations period for attacking federal sentence under Antiterrorism and Effective Death Penalty Act (AEDPA)). He represents that this claim also relies upon

---

   * Exhibit A attached to his Rule 60(b) motion (Doc. 6) is a copy of the state court's vacature order, which states, "The State indicates in its response that the Defendant is currently serving a twelve-year Federal prison sentence on unrelated charges. The state's position is that it would be an unjustifiable use of resources to proceed any further with this case. This Court agrees."

> newly discovered evidence, a January 12, 2004, order vacating his state convictions.
>
> . . .
>
> As to his first claim, the Supreme Court's decision in Johnson cannot authorize a second or successive § 2255 motion because it does not set forth a new rule of law, and, even [if] it did, a new rule of law under § 2255 must be made retroactive by the Supreme Court. See In re Hill, 113 F.3d 181, 184 (11th Cir. 1997). The decision in Johnson also does not address substantive law regarding determination of guilt or sentencing. See Johnson, 125 S.Ct. at 1582. Further, we have held that newly discovered evidence that merely asserts a sentencing error is not a sufficient basis upon which to authorize leave to file a second or successive § 2255 motion. In re Dean, 341 F.3d 1247, 1248-49 (11th Cir 2003) (internal citations omitted); see also In re Boshears, 110 F.3d 1538, 1541 (11th Cir. 1997) (holding that the application must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Order at 2-3 (Doc. 154 in 8:98-cr-230).

Pending is Davis' Rule 60(b) motion for relief from judgment (Doc. 6) in which Davis seeks to vacate the order denying his motion to vacate sentence. Davis is impermissibly attempting to use Rule 60(b) to circumvent the preclusion against second or successive petitions. *Gonzalez v. Crosby*, ____ U.S. ___, 125 S.Ct. 2641, 2648 (2005), recognized that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez* recognized that a Rule 60 motion cannot be used to circumvent the preclusion against second or successive motions:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims

- 3 -

> couched in the language of a true Rule 60(b) motion--circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated:  even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1) 's prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Gonzalez v. Crosby*, 125 S.Ct. at 2647-48.  Davis' Section 2255 motion was denied based on the merits, the "substance" as *Gonzalez* says, and Davis raises only "substance" in his Rule 60(b) motion.  Davis cites no fraud, voidness, mistake--no "defect" in integrity--that triggers Rule 60(b).  In short, Davis attempts to use Rule 60 exactly as rejected in *Gonzalez*.

Accordingly, Davis' motion for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P. (Doc. 6) is **DENIED**.

ORDERED in Tampa, Florida, on August 10, 2006.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

- 4 -